IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**KIRK J. LAMOREAUX,**

       **Plaintiff,**

vs.                                                No.  02cv1269 DJS

**JO ANNE B. BARNHART,**
**COMMISSIONER OF SOCIAL SECURITY,**

       **Defendant.**

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Plaintiff's (Lamoreaux's) Motion to Reverse and Remand for a Rehearing **[Doc. No. 13]**, filed April 25, 2003, and fully briefed on June 18, 2003. The Commissioner of Social Security issued a final decision denying Lamoreaux's application for disability insurance benefits and supplemental security income benefits.  Having considered the arguments, pleadings, administrative record, relevant law, and being otherwise fully informed, the Court finds the motion to reverse and remand will be GRANTED in part and DENIED in part.

### I.  Factual and Procedural Background

Lamoreaux filed his current application for disability insurance benefits and supplemental security income benefits on November 1, 1999, alleging disability since December 31, 1992, due to bipolar disorder, diabetes, degenerative disease of the ankle, insomnia, and irritable bowel syndrome.  Tr. 83.  Lamoreaux has a GED and past relevant work as a program analyst, ski instructor, and grocery stocker.  On April 18, 2001, the Commissioner's Administrative Law Judge (ALJ) denied benefits.  The ALJ found Lamoreaux "failed to establish that he had a

medically determinable impairment or combination of impairments which had more than a minimal effect on his ability to work prior to September 30, 1995, the date he last met the insured status requirements under the Act." Tr. 18.  Accordingly, the ALJ found Lamoreaux was not entitled to a period of disability or to disability insurance benefits.  *Id.*

As to his claim for supplemental security income, the ALJ found the evidence indicated Lamoreaux had severe impairments consisting of bipolar affective disorder, a history of substance abuse in remission since 1997, post-traumatic stress disorder, obstructive sleep apnea and irritable bowel syndrome.  *Id.*  However, the ALJ found Lamoreaux's severe impairments did not "meet or medically equal one of the impairments listed in Appendix 1, Subpart P, Regulations No. 4." *Id.* Specifically, the ALJ reviewed Listings 12.04 (Affective Disorders), 12.06 (Anxiety Related Disorders ), 3.09 (Cor pulmonale secondary to chronic pulmonary vascular hypertension) and 5.04 (Peptic ulcer disease).  *Id.*  The ALJ further found Lamoreaux "retained the following residual functional capacity (RFC):  He has no limitations in his ability to sit or stand.  He is able to walk for one-quarter of a mile.  He can lift up to 40 pounds, sit without limitation and walk one-fourth of a mile.  He has moderate limitations in his social functioning."  Tr. 19.  As to his credibility, the ALJ found Lamoreaux's allegations regarding his limitations were not totally credible." Tr. 20.

Lamoreaux filed a Request for Review of the decision by the Appeals Council.  On July 12, 2002, the Appeals Council denied Lamoreaux's request for review of the ALJ's decision.  Hence, the decision of the ALJ became the final decision of the Commissioner for judicial review purposes.  Lamoreaux seeks judicial review of the Commissioner's final decision pursuant to 42 U.S.C. § 405(g).

## II.  Standard of Review

The standard of review in this Social Security appeal is whether the Commissioner's final decision is supported by substantial evidence and whether he applied correct legal standards. *Hamilton v. Secretary of Health and Human Services,* 961 F.2d 1495, 1497-98 (10th Cir. 1992). Substantial evidence is more than a mere scintilla and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Glass v. Shalala*, 43 F.3d 1392, 1395 (10th Cir. 1994).  "Evidence is not substantial if it is overwhelmed by other evidence in the record or constitutes mere conclusion."  *Musgrave v. Sullivan*, 966 F.2d 1371, 1374 (10th Cir. 1992). Moreover, "all of the ALJ's required findings must be supported by substantial evidence," *Haddock v. Apfel,* 196 F.3d 1084, 1088 (10th Cir. 1999), and all of the relevant medical evidence of record must be considered in making those findings, *see Baker v. Bowen*, 886 F.2d 289, 291 (10th Cir. 1989).  "[I]n addition to discussing the evidence supporting his decision, the ALJ must discuss the uncontroverted evidence he chooses not to rely upon, as well as significantly probative evidence he rejects."  *Clifton v. Chater*, 79 F.3d 1007, 1010 (10th Cir. 1996).  Therefore, while the Court does not reweigh the evidence or try the issues de novo, *see Sisco v. United States Dep't of Health & Human Servs.*, 10 F.3d 739, 741 (10th Cir. 1993), the Court must meticulously examine the record as a whole, including anything that may undercut or detract from the ALJ's findings, in order to determine if the substantiality test has been met.  *See Washington v. Shalala*, 37 F.3d 1437, 1439 (10th Cir. 1994).

## III.  Discussion

In order to qualify for disability insurance benefits or supplemental security income, a claimant must establish a severe physical or mental impairment expected to result in death or last for a continuous period of twelve months which prevents the claimant from engaging in substantial gainful activity. *Thompson v. Sullivan*, 987 F.2d 1482, 1486 (10th Cir. 1993)(citing 42 U.S.C. §423(d)(1)(A)). The regulations of the Social Security Administration require the Commissioner to evaluate five factors in a specific sequence in analyzing disability applications. 20 C.F.R. § 404.1520 (a-f). The sequential evaluation process ends if, at any step, the Commissioner finds the claimant is not disabled. *Thompson*, 987 F.2d at 1487.

At the first four levels of the sequential evaluation process, the claimant must show he is not engaged in substantial gainful employment, he has an impairment or combination of impairments severe enough to limit his ability to do basic work activities, and his impairment meets or equals one of the presumptively disabling impairments listed in the regulations under 20 C.F.R. Part 404, Subpt. P, App. 1, or he is unable to perform work he had done in the past. 20 C.F.R. §§ 404.1520 and 416.920. At the fifth step of the evaluation, the burden of proof shifts to the Commissioner to show the claimant is able to perform other substantial gainful activity considering his residual functional capacity, age, education, and prior work experience. *Id.*

In support of his motion to reverse, Lamoreaux makes the following arguments: (1) the ALJ erred in finding he could perform his past relevant work; (2) the ALJ failed to support her credibility finding with substantial evidence; (3) the ALJ failed to develop the record; and (4) the ALJ erred in finding he did not have a severe impairment prior to his date-last-insured.

**A.  Credibility Determination**

Lamoreaux contends the ALJ failed to make a proper credibility finding. The Court agrees. Credibility determinations are peculiarly the province of the finder of fact and will not be upset when supported by substantial evidence. *Diaz v. Secretary of Health and Human Servs.*, 898 F.2d 774, 777 (10th Cir. 1990). "Findings as to credibility should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings." *Huston v. Bowen,* 838 F.2d 1125, 1133 (10th Cir. 1988). However, the ALJ's credibility determination does not require a formalistic factor-by-factor recitation of the evidence. *Qualls v. Apfel*, 206 F.3d 1368, 1372 (10th Cir. 2000). The ALJ need only set forth the specific evidence she relies on in evaluating claimant's credibility. *Id.* The ALJ may also consider her personal observations of the claimant in her overall evaluation of the claimant's credibility. *Id.* at 1373.

In this case, the ALJ failed to "closely and affirmatively link her credibility determination to substantial evidence." In her decision, the ALJ stated, "I find the claimant's allegations regarding his limitations are not totally credible for the reasons set forth in the body of the decision." Tr. 20. The Court cannot find anywhere in the ALJ's decision where she explained her reasons for her credibility determination. On remand, the ALJ should set forth the specific evidence she relies on in arriving at her credibility determination.

## B.  Duty to Develop the Record

The Court recognizes that "[a]lthough a claimant has the burden of providing medical evidence proving disability, the ALJ has a basic duty of inquiry to fully and fairly develop the record as to material issues." *Baca v. Dep't of Health and Human Servs.,* 5 F.3d 476, 479-80 (10th Cir. 1993). The ALJ's duty to develop the record is heightened when a claimant is unrepresented. *Musgrave*, 966 F.2d at 1374.

5

Lamoreaux contends the evidence indicates his mental status affects his ability to work and thus the ALJ should have ordered the additional testing recommended by Dr. Fredman. Dr. Fredman, a psychiatrist and agency consultant, evaluated Lamoreaux on January 12, 2000. Based on his evaluation and a review of the records provided by the agency, Dr. Fredman found:

> Assessment: In summary, this man has a long history of cocaine and, later, amphetamine dependence. There is also a history of alcohol abuse or dependence. These problems with alcohol and drugs are now in remission. Since stopping amphetamines four years ago, there has been ongoing depression, with periodic hypomania. Currently, Mr. Lamoreaux [is] receiving care at University of New Mexico Mental Health Center, but problems with mood instability remain. There seems to be some evidence of a personality disorder with long-term maladaptive behavior patterns. I would suggest psychological testing to further clarify this particular issue.

Tr. 118. The Commissioner argues that, although Dr. Feldman suggested psychological testing to address his concerns regarding evidence that Lamoreaux suffered from a personality disorder with long-term maladaptive behavior patterns, by August 25, 2000, the record indicates Lamoreaux "only had mild mental problems." Def.'s Resp. to Pl.'s Mot. to Reverse and Remand at 8. The Commissioner bases this assertion on a notation made on August 25, 2000, by Lamoreaux's psychotherapist during a therapy session. On that day, the psychotherapist circled "mildly ill" under ""CLINICAL GLOBAL IMPRESSION SCALE– Severity of Illness." Tr. 248. Lamoreaux reported feeling "good" that day. Tr. 248. The psychotherapist discussed plans to discharge Lamoreaux to another psychotherapist. *Id.* However, on the previous visit of August 16, 2000, the same psychotherapist circled "moderately ill" under the same scale. Tr. 249. On June 2, 2000, Lamoreaux reported to his psychotherapist that he was still having difficulty concentrating, had problems with his memory, was sleeping all the time and was still not leaving his house. Tr. 241. On July 14, 2000, the psychotherapist noted Lamoreaux's fear of reacting violently in certain situations which resulted in Lamoreaux isolating himself. Tr. 239.

6

Although Dr. Fredman is not considered a treating physician, under the regulations, he is considered a "nontreating source." *See* 20 C.F.R. § 416.902.  A nontreating source means "a physician, psychologist, or other acceptable medical source who has examined [claimant] but does not have, or did not have, an ongoing treatment relationship" with the claimant. *Id.*  This term includes an acceptable medical source who is a consultative examiner for the agency, when the consultative examiner is not a claimant's treating source. *Id.*   An ALJ must give "more weight to the opinion of a source who has examined [claimant] than to a source who has not examined [claimant]. *See* 20 C.F.R. § 416.927(d)(1).  In addition, the ALJ generally must give more weight to a specialist about medical issues related to his or her area of specialty than to the opinion of a source who is not a specialist. *See*  20 C.F.R. § 416.927(d)(5).

In this case,  Dr. Feldman is considered a "nontreating source" and a specialist.  Dr. Felman found it necessary to conduct psychological testing to address his concern that Lamoreaux exhibited some evidence of  personality disorder with long-term maladaptive behavior patterns. The record also supports Dr. Fedlman's assessment of ongoing depression and continued problems with mood instability.

The Court recognizes that the Commissioner has broad latitude in deciding whether to order consultative examinations.  *See Diaz*, 898 F.2d at 778.  However, consultative examinations are necessary to secure additional evidence needed to support a decision. *See* 20 C.F.R. §§ 404.1519a & 416.919a.  In this case, according to Dr. Feldman, psychological testing is required to clarify the issue of whether Lamoreaux suffers from of personality disorder with long-term maladaptive behavior patterns. Because this may impact his ability to work, a remand is warranted.  On remand, the ALJ should consult with Dr. Feldman regarding the psychological

7

testing Dr. Feldman considered necessary. The ALJ should also follow the procedures outlined for evaluating mental impairments set forth in 20 C.F.R. §§ 404.1520a & 416.920a as stated in *Cruse v. United States Dep't of Health and Human Servs.,* 49 F.3d 614 (10th Cir. 1995). However, the Court expresses no opinion as to the extent of Lamoreaux's mental impairment, or whether he is or is not disabled within the meaning of the Social Security Act. The Court does not require any result. This remand simply assures that the ALJ applies the correct legal standards in reaching a decision based on the facts of the case.

Because the Court reverses the agency's denial of benefits on Lamoreaux's second and third issues, the Court need not consider his first issue. However, the Court will affirm the ALJ's decision as to Lamoreaux's fourth issue concerning whether he was disabled prior to the expiration of his insured status. Citing to Social Security Ruling 83-20, Lamoreaux contends the ALJ "should have called a medical expert to assist in the analysis of the medical and lay evidence to determine this issue." Pl.'s Mem. in Supp. of Mot. to Reverse and Remand at 10.

Social Security Ruling 83-20 defines the onset date as "the first day an individual is disabled as defined in the Act and the regulations." SSR 83-20, 1983 WL 31249, at *1 (1983). The relevant factors the ALJ must consider in determining the onset date include "the individual's allegation, the work history, and the medical evidence." *Id.* "However, the individual's allegation or the date of work stoppage is significant in determining onset only if it is consistent with the severity of the condition(s) shown by the medical evidence." *Id.* In some cases, it may be necessary to infer the onset date. "The ALJ then should call on the services of a medical advisor at the hearing. However, a medical advisor need be called only if the medical evidence of onset is ambiguous." *Reid v. Chater*, 71 F.3d 372, 374 (10th Cir. 1995).

In this case, Lamoreaux's allegation of disability and the day he contends he stopped working is not consistent with the medical evidence. The record indicates Lamoreaux first sought treatment for "leg pain/numbness" on September 27, 1997, two years after his insured status expired. Tr. 183. At that time, he mentioned "having bouts of depression." *Id.* Lamoreaux also reported to Dr. Fredman that he worked as a ski instructor in 1993 and stopped being an instructor at the end of the ski season. Tr. 117. In response to Dr. Fredman's question regarding why he had not worked since 1993, Lamoreaux reported "he was busy making methamphetamine until he came to New Mexico." *Id.* Additionally, Lamoreaux reported he became aware of his depression in 1996. Tr. 115. Accordingly, the Court finds that under the facts of this case, the ALJ was not required to call a medical expert to determine the onset date of disability. Therefore, the ALJ's finding that Lamoreaux "had no 'severe' impairment prior to his date last insured, and that therefore he [was] not entitled to a period of disability or to disability insurance benefits" is supported by substantial evidence and will be affirmed.

A judgment is accordance with this Memorandum Opinion and Order will be entered.

_____
**DON J. SVET**
**UNITED STATES MAGISTRATE JUDGE**